IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**ESTEVAN VILLANUEVA,**
       **Petitioner,**

**vs.**                                **Case No. 5:09cv266/SPM/MD**

**WALTER MCNEIL,**
       **Respondent.**

___

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. Petitioner initiated this action on August 4, 2009 by filing of a petition for writ of habeas corpus (doc. 1), which he later amended (doc. 4). Petitioner is challenging a disciplinary conviction he received at Apalachee Correctional Institution on June 18, 2009. (Doc. 4). At the time petitioner filed his original petition, he sought leave to proceed *in forma pauperis*. (Doc. 2). On August 18, 2009, the court entered an order denying the motion to proceed *in forma pauperis* without prejudice, because it was not filed on the court form and was incomplete. (Doc. 3). Petitioner was given thirty (30) days in which to either pay the $5.00 filing fee or file a complete application to proceed *in forma pauperis*.

Petitioner responded by filing another motion to proceed *in forma pauperis*. (Doc. 5). But that, too, was deficient.[1] Accordingly, on September 14, 2009, the court entered an order deferring ruling on that motion. (Doc. 6). Petitioner was advised of the deficiency and ordered to resolve the filing fee issue within thirty (30) days by

___

[1] Petitioner failed to submit a copy of his trust fund account statement for the six-month period immediately preceding the filing of his habeas corpus petition. Instead, he submitted an account statement for only a one-month period, August of 2009.

either correcting the deficiency or paying the $5.00 filing fee. He was further directed to provide the court with two service copies of his amended petition and attachments. The court expressly warned petitioner that failure to timely comply with the order would result in dismissal of this action. (Doc. 6).

In response, on September 25, 2009 petitioner filed another motion to proceed *in forma pauperis*. (Doc. 7). This motion was deficient in the same respects as his previous motion.[2] Accordingly, on September 29, 2009 the court entered an order deferring ruling on that motion for the same reasons it had deferred ruling on petitioner's previous motion. (Doc. 8). The court explicitly advised petitioner that he had until October 14, 2009 in which to comply with the court's September 14, 2009 order.

After receiving no response from petitioner, the court entered an order on October 29, 2009, directing petitioner to show cause within twenty (20) days why his case should not be dismissed for failure to comply with an order of the court. (Doc. 9). To date, petitioner has not responded, nor has he complied with the court's September 14, 2009 order.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with an order of the court.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 18th day of December, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[2]**Petitioner failed to submit a copy of his inmate account statement for the period specified in the court's September 14, 2009 order (March 1, 2009 - July 31, 2009.**

*Case No: 5:09cv266/SPM/MD*

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**